Richardson, Ch. J.,
delivered the opinion of the court:
There are but two questions of law arising upon these findings :
1. The written contract for part of the work done by the claimant, although signed by the contractors, was never signed by the Board of Public Works. It was, however, treated by both parties throughout as an existing contract, and settlements were made under it. The claims for damages set up in the petition are not proved, and the only claims upon which we are to pass are for work actually done, so that it is not necessary to determine whether or not the defendant, is in all respects bound by the terms of the written, unsigned contract.
In grading N street, both parties concurred in the contract price of 30 cents per yard for earth, sand, and gravel excavation. But the claimant did another kind of grading, called rock excavation without blasting, which was not mentioned in the contract and the price of which was not agreed upon. The engineer in his first partial measurement set the price of this work at one dollar a yard, and the court has found it to be worth that rate.
In the final measurement the whole gradiug was set down as ordinary grading of earth, sand, and gravel, and both parties overlooked the fact that 900 yards of the same were rock excavation worth one dollar a yard, as first stated by the engineer in his partial measurement. This was an error which the claimant is entitled to have corrected, and when corrected it appears that he ought to have been allowed $630 more in that settlement.
*165 2. On the 25th of January, 1872, the claimant was notified that his proposition to fill the canal wharf from the center of Fifteenth street for the distance of 300 feet west, for 30 cents per cubic yard, and to pay $25 per month for the use of said wharf when filled, was accepted until otherwise ordered by the board.
Four days later the claimant was notified by the vice-president of the board that the permission given him to occupy the canal wharf was rescinded.
The parties thereafter treated the accepted proposition to fill the canal wharf as having been abandoned. That filling was never done, but the canal itself was filled. On this latter work the claimant was employed. He presented his bill for the work he did at 15 cents per yard, amounting to $1,250. The quantity of work was a matter of dispute between the parties, but the price was not. The bill was referred to different officers of the defendant, and reported upon. Finally, on the 22d of April, 1875, two of the District officers recommended in writing that $750 be paid to the claimant in settlement of his claim ; this sum he accepted, and on the 27th of April, 1875, he gave a receipt for the amount, “in full settlement of the above-stated claim.”
He now claims the difference between 15 cents a yard and 30 cents a yard (the price fixed for filling the canal wharf). His claim has no foundation to rest upon. In the first place, lie did not fill the canal wharf; in the second place, for the filling of the canal which he did do he fixed his own price at 15 cents a yard, and so presented his bill to the Board of Audit; and, third, the claim was disputed as to the quantity of work, and the whole was compromised at a stated sum, which the claimant received in full satisfaction. On each of these grounds the cause of action fails.
As to the counter-claim: It appears by finding iv that in stating the account between the parties in 1875 there was an error of subtraction, by which it was made to appear that there was due to the claimant $1,000 more than was the correct sum. The whole apparent balance was paid to him, making an overpayment of $1,000. But the same account shows two items of retainer by the defendant amounting to $273.72, and an error of $630 against the claimant in the matter of rock excavating. Deducting these three items from the overpayment leaves a *166 balance of $96.28 due from the claimant to the defendant, and for this sum on the whole case judgment will be entered against him in favor of the District of Columbia.